IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WILLIE J. GRIFFIN, JR., #04667-017                                                               PETITIONER

VERSUS                                                      CIVIL ACTION NO. 5:12-cv-78-DCB-RHW

ARCHIE LONGLEY, WARDEN                                                                  RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. The petitioner was an inmate at the Federal Correctional Institute-Yazoo City, Mississippi, when he filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 7, 2012. Upon review of the petition [1], petitioner's supplemental motion [2], and attachments [3 & 5] to the petition, this Court has reached the following conclusion.

Petitioner challenges his conviction for conspiracy to possess with intent to distribute cocaine and cocaine base he received in the United States District Court for the Northern District of Florida. Pet. [1] at p. 1. The petitioner was sentenced on December 2, 1999. *Id*. The United States Court of Appeals for the Eleventh Circuit affirmed his conviction on April 19, 2001. *Id.* at p. 2. The petitioner states that his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 was filed in the United States District Court for the Northern District of Florida and assigned cause number 3:02-cv-434-RV/MCR, and the motion was subsequently denied. *Id*. at p. 4.

I.  PETITIONER'S GROUND FOR RELIEF

In his petition [1], the petitioner argues that his conviction and sentence are illegal in light of *DePierre v. United States*, ___ U.S. ___, 131 S.Ct. 2225, 180 L.Ed.2d 114 (2011). Petitioner claims that the holding in *DePierre* provides that " 'cocaine base' as used in § 841(b)(1)(A)(iii) and § 841(b)(1)(B)(iii) includes all forms of cocaine base and creates a new

substantive rule applicable to collateral review to prevent a violation of due process." Petitioner goes on to assert that "his indictment does not list[] a 'specified amount' of cocaine base, nor does the verdict form, which is required by statute and in light of *DePierre*." Pet. [1] at p. 7. In his supplemental petition [2] and attachment [3] filed on June 22, 2012, petitioner argues that "§ 2255 is inadequate or ineffective to test the legality of the petitioner's illegal detention when the petitioner's claim of abuse of discretion is against the trial judge which will ultimately review the § 2255 petition; thereby, creating a conflict of interest." Finally, Petitioner contends in his supplement [5] to the petition filed on July 25, 2012, that the "*Apprendi* error must be corrected in light of *Southern Union Co.* [, __ U.S. __, 132 S.Ct. 2344, __ L.Ed.2d __ (2012),] as a matter of Due Process, because the petitioner is actually innocent of an § 841(b)(1)(A) fine, mandatory minium, or increased supervised release term and his conviction was not final until well after the *Apprendi* decision."

## II. DISCUSSION

The United States Court of Appeals for the Fifth Circuit has held that jurisdiction attaches at the time the petition for habeas relief is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001); *see also*, *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990)(holding that, "[t]o entertain a § 2241 habeas petition, the district court must, *upon the filing of the petition*, have jurisdiction over the prisoner or his custodian")(emphasis added). Moreover, jurisdiction is not destroyed as a result of petitioner being transferred to another prison. *See McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978). This Court finds that at the time the petitioner filed the instant civil habeas action he was incarcerated in Federal Correctional Institute-Yazoo City, Mississippi. The petitioner, however, is no longer incarcerated in Yazoo City, but notified this Court on September 6, 2012, that he is presently incarcerated in the Federal Prison Camp,

P.O. Box 700, Yankton, SD 57078.  Therefore, since jurisdiction attached at the time the petitioner filed the instant petition and he was incarcerated in Yazoo City, Mississippi, this Court has jurisdiction to address the issues presented by petitioner in the instant request for habeas relief pursuant to 28 U.S.C. § 2241.

According to the United States Court of Appeals for the Fifth Circuit, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  By contrast, a § 2255 motion "'provides the primary means of collateral attack on a federal sentence.'"  *Id.* (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).  In *Pack*, the Fifth Circuit found that "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."  *Id.* at 452.  Clearly, the petitioner has filed the instant § 2241 petition challenging his conviction and sentence entered by the District Court for the Northern District of Florida and therefore, as a general matter, the instant petition should be dismissed or construed as a section 2255 motion.

There is, however, an exception to this general rule which is referred to as the savings clause in § 2255.  The relevant portion of § 2255, with its savings clause provides, as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).  Pursuant to this "savings clause," a federal court may consider a § 2241 petition that challenges a federally imposed sentence when the petitioner

establishes that the remedy under § 2255 is inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Case law has made it abundantly clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The United States Court of Appeals for the Fifth Circuit in *Reyes-Requena*, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim when both prongs of the test are satisfied, as follows:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena*, 243 F.3d 893, 904 (5th Cir. 2001). The first prong of the *Reyes-Requena* test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." *Id.* at 903.

This Court finds that in order for the petitioner to meet the first prong of the *Reyes-Requena* test he must be relying on a decision by the United States Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir.2001). According to the petitioner, he is basing his request for relief on the decision of *DePierre v. United States*, ___ U.S. ___, 131 S.Ct. 2225, 180 L.Ed.2d 114 (2011) and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Petitioner's reliance on these cases is misplaced. The United States Supreme Courts decisions of *DePierre* and *Apprendi* have not been held to be retroactively applicable establishing that petitioner may have been convicted of a nonexistent

offense. *See Ford v. Keffer*, No. 12-10069, 2012 WL 112902, at *1 (5th Cir. Aug. 16, 2012)(finding that *DePierre* "has not been held to be retroactively applicable"); *see also Wesson v. U.S. Penitentiary Beaumont, Tx.*, 305 F.3d 343, 347 (5th Cir. 2002)(ruling that the decision of *Apprendi* is not retroactively applicable). Because petitioner is required to prove both prongs of the *Reyes-Requena* test to access the savings clause of § 2255 and he has failed to prove the first prong, this Court need not address the second prong.

The petitioner states that he has filed an unsuccessful § 2255 motion in the sentencing court. Pet. [1] at p. 4. The lack of success under § 2255 fails to establish that the § 2255 remedy is "inadequate or unavailable." Petitioner had "an unobstructed procedural shot at getting his sentence vacated, and was unsuccessful." *Pack*, 218 F.3d at 453 (citations and quotations omitted). As the Fifth Circuit has consistently noted, "'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'" *Id.* at 452 (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). Likewise, the inability to meet the AEDPA's second or successive requirement does not make § 2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830 (citing *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)).

Because Petitioner's claim fails to meet the stringent requirements of the savings clause, his § 2241 Petition must be dismissed. *Pack*, 218 F.3d at 452. And to the extent this Court could construe these claims pursuant to § 2255, the motion must be filed in the sentencing court. *Id*. at 451, *see also* 28 U.S.C. § 2255(a). Because petitioner was sentenced in the United States District Court for the Northern District of Florida, he is required to pursue his § 2255 motion in that court.

### III. CONCLUSION

For the reasons discussed in this Memorandum Opinion and Order, the Court finds that the petitioner has not met the "saving clause" of § 2255 and as such, the instant § 2241 petition is dismissed with prejudice as frivolous, and, to the extent that the petition can be construed as a § 2255 motion, it is dismissed with prejudice for lack of jurisdiction. *See Ojo v. Immigration and Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the   9th   day of January, 2013.


　　　　　　　　　　　　　　　　　　　s/David Bramlette
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE